IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                                                                    PLAINTIFF,

VS.                                                                   CIVIL ACTION NO. 2:07CV172-P-A

BL DEVELOPMENT CORP.,                                                              DEFENDANT.

## ORDER

This matter comes before the court upon the plaintiff's March 9, 2010 objection [77] to the U.S. Magistrate's February 23, 2010 Order denying the plaintiff's motion to substitute its audio expert and renewed motion to substitute expert. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

Pursuant to Fed. R. Civ. P. 72(a), a party may object to a ruling by a U.S. Magistrate if it does so within 14 days after being served with the order. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

On February 23, 2010 the Magistrate Judge assigned to this case entered an Order denying *inter alia* the plaintiff's motion to substitute its audio expert. In this regard, the Magistrate Judge concluded that the plaintiff's motion to substitute was not well taken because "'[d]iscovering' a better expert is not a compelling reason to allow expert designation sixteen months after the deadline [to designate experts], especially in light of the fact that the EEOC has an able witness."

The plaintiff argues that the Magistrate Judge's denial of their motion to substitute should be overruled because she failed to apply the four-factor test enunciated in *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 100 (5th Cir. 1998). This test requires that in considering whether

1

to allow a late expert witness, the court should consider the following four factors: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness.

Though she did not explicitly cite the *Campbell* test, the Magistrate Judge's Order clearly demonstrates that she considered the four factors.

As to the first factor – the importance of the witness's testimony – the Magistrate Judge recognized that the expert in question might be a "better expert" given that his audio sample is allegedly clearer and allows one to better discern the speakers involved in the subject conversation. However, she concluded that simply discovering a "better" witness in and of itself and attempting to designate that witness at an excessively late date (16 months after expiration of the plaintiff's expert designation deadline) is insufficient to justify the further delay that would be occasioned by allowing a new expert two business days before the discovery deadline – a deadline that has already been extended at least four times. Thus, the Magistrate Judge recognized that an audio expert is important to the plaintiff's case; however, she also recognized that the plaintiff's already have an audio expert who will opine on the same underlying evidence. This salient fact clearly distinguishes this case from that in *Betts v. General Motors Corp.*, 2008 WL 141197 (N.D. Miss. Jan. 10, 2008).

Regarding the second factor, the Magistrate Judge recognized that there would be palpable prejudice to the opposition if the new witness were allowed to testify given that the request was made two business days before the discovery deadline and allowing the expert substitution "would necessarily require additional discovery, deposition and the resetting of [the defendant's] expert designation deadline so that it could identify a rebuttal expert witness if needed."

The Order implicitly covered the third factor – the possibility that a continuance would cure potential prejudice – when it observed that the discovery deadline had already been reset at least four times and that the parties have had two years to conduct discovery. Thus, the Magistrate Judge considered that a continuance of trial and/or another extension of the discovery deadlines would cause additional unnecessary delay. In any event, the court notes that trial of this matter has been continued at least four times and it is reluctant to grant another continuance.

With respect to the fourth factor, the Magistrate Judge clearly considered the explanation given by the EEOC for the failure to timely identify the new witness and rejected it given that "the EEOC by its own admission has had knowledge of the fact giving rise to its request to substitute a new expert since at least October 1, 2009. It offers absolutely no explanation for delaying from that date until two business days before the discovery deadline to file its motion."

After a *de novo* review of the matter, the court concludes that the plaintiff has failed to demonstrate that the Magistrate Judge's ruling was clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiff's March 9, 2010 objection [77] to the U.S. Magistrate's February 23, 2010 Order denying the plaintiff's motion to substitute its audio expert and renewed motion to substitute expert is **OVERRULED**.

**SO ORDERED** this the 5th day of April, A.D., 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE